IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO A. GONZALES,

Plaintiff,

v.   No. CIV-04-0161 RB/RHS

CITY OF AZTEC-AZTEC MUNICIPAL COURT,
SAN JUAN COUNTY DETENTION CENTER,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Also before the Court is Plaintiff's response to the earlier order requiring an initial partial filing-fee payment pursuant to § 1915(b)(1). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis ("IFP"). For the reasons below, Plaintiff's complaint will be dismissed.

Plaintiff's response to the filing-fee order raises the question of individual liability for submitting payments under § 1915(a) and (b). The IFP motion indicates that Plaintiff has funds in his inmate trust account. His response to the payment order describes his attempt to comply with the Court's instructions. Attached to the response is a copy of an "Inmate Request Form" by which Plaintiff requested that payment be forwarded. The form was returned to him with the notation, "No this is not a service the jail provides. We are not a bank." Plaintiff further alleges that a Lt. Calhoun refused to forward payments except pursuant to a direct court order to the jail.

The statute requires that jail officials cooperate in making a prisoner's IFP payments as ordered by the Court. Under § 1915(a)(2), when a prisoner complaint is filed, the plaintiff must



submit a copy of his or her trust account statement "obtained from the appropriate official." The only specific direction for the initial payment is that "[t]he court shall . . . collect" the amount owed. § 1915(b)(1). Thereafter, "[t]he agency having custody of the prisoner shall forward payments." § 1915(b)(2). Plaintiff clearly has the primary obligation to pay the filing fee, and the statute requires that custodial officials, who hold prisoners' funds in trust, effect the delivery of payments ordered under the statute. Officials of the San Juan County Detention Center should promptly forward to the Court the amount specified ($6.00) in the order of February 18, 2004.

Addressing the merits of this action, the Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that the Defendants deprived Plaintiff of a variety of constitutional protections during municipal court criminal proceedings. Plaintiff complains that he was convicted without a hearing, and that his conviction and sentence violated his protections against double jeopardy, cruel or unusual punishment, discrimination, and false imprisonment. He was denied the rights of counsel, free speech, and liberty. Furthermore, his confinement deprived him of certain

Social Security benefits because he was not allowed to keep a doctor's appointment. Plaintiff seeks damages and asks that the municipal judge be disciplined.

Plaintiff's various claims appear to call into question the constitutionality of the criminal conviction and sentence by which he is incarcerated. The decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars these claims. The court in *Heck* held that a convict may not bring a suit for damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The complaint does not allege that Plaintiff's conviction or sentence has been set aside, *id.* at 486-87, and his allegations thus fail to state claims cognizable under § 1983. *Webber v. Weaver*, No. 00-6093, 2001 WL 237344, at *2 (10th Cir. Mar. 9, 2001); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (plaintiff who overturns conviction may then bring § 1983 action). The Court will also dismiss Plaintiff's claim of "Denial of SSI Claim" because Plaintiff does not allege that he was denied necessary medical treatment. *Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion;

IT IS FURTHER ORDERED that the Clerk is directed to send a copy of this order and the order of February 18, 2004, to the administrator of the San Juan County Detention Center.

UNITED STATES DISTRICT JUDGE